1

2

3

4

5

6

7

8

9

IN THE CIRCUIT COURT OF THE STATE OF

OREGON IN AND FOR THE COUNTY OF COOS

10

11

CHRISTOPHER E. GRAY and KIMBERLY R. GRAY, husband and wife,

Plaintiff,

v.

KEYSTONE RV COMPANY, a Delaware corporation; BEST RV CENTER, a California corporation, and DOES 1 through 50,

Defendants.

Case No.: 22CV10237

**SUMMONS**

12

13

14

15

16

17

18

19

20

TO:    Keystone RV Company
       CT Corporation System, Registered Agent
       780 Commercial Street SE, Ste 100
       Salem, OR 97301
               Defendant

21

22

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

23

24

**NOTICE TO THE DEFENDANT.**
**READ THESE PAPERS CAREFULLY!**

25

26

27

You must "appear" in this case or the other side will win automatically. To 'appear" you must file with the court a legal paper called a "motion" or "Answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have any attorney, proof or service upon the plaintiff.

CRAWLEY LLP28
P.O. BOX 8931
Portland, Oregon 97207
(503) 953-6858

SUMMONS

Page - 1

1    If you have any questions you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636. http://www.osbar.org.

2                                                            CRAWLEY, LLP

3                                                            _____
                                                            Timothy Crawley (Apr 11, 2022 14:43 PDT)

                                                            Timothy I. Crawley, OSB 122546
4                                                            Attorney of Record for Plaintiff

5                                                            Crawley LLP
                                                            P.O. Box 8931
6                                                            Portland, Oregon 97207

7

8    STATE OF OREGON, County of Multnomah) ss.
        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy
9    of the original summons in the above entitled action.

10                                                           _____
                                                            Timothy Crawley (Apr 11, 2022 14:43 PDT)

11                                                           Attorney of Record for Plaintiff

12      TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a
     true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other
13   legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or
     upon a separate similar document which you shall attach hereto.

14                                                           _____
                                                            Timothy Crawley (Apr 11, 2022 14:43 PDT)

15                                                           Attorney of Record for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMONS                                                                                          Page - 2

1

2

3

4

5

6

7

8

9

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF COOS

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| CHRISTOPHER E. GRAY and KIMBERLY R. GRAY, husband and wife,<br><br>   Plaintiff,<br><br>  v.<br><br>KEYSTONE RV COMPANY, a Delaware corporation; BEST RV CENTER, a California corporation, and DOES 1 through 50,<br><br>   Defendants. | Case No.: 22CV10237<br><br>**COMPLAINT**<br><br>(Strict Products Liability, Negligence, Breach of Contract, Unjust Enrichment, Breach of Implied Warranty, UTPA)<br><br>(Claim Not Subject to Mandatory Arbitration)<br><br>Amount of Prayer: $770,000.00<br>Filing Fee: $594.00<br>[Per ORS 21.160(1)(c)] |

19    COMES NOW, Plaintiffs Christopher Gray ("Petty Officer Gray") and Kimberly Gray ("Ms.

20 Gray" or collectively with Petty Officer Gray as "the Grays"), and pleads the following:

21               PARTIES

22                 1.

23    Petty Officer Gray is an individual with military residency in San Francisco, California, but

24 he and his family have permanent residency in Coos County, State of Oregon. Ms. Gray is an

25 individual, married to Petty Officer Gray, and residing in Coos County, State of Oregon.

26 / / /

27 / / /

28 / / /

2.

Keystone RV Company ("Keystone" or "Defendant Keystone") is a Delaware corporation with headquarters in Indiana, and is duly registered and operating as a foreign business corporation under the laws of the state of Oregon and doing business in the state of Oregon.

3.

Best RV Center ("Best RV" or "Defendant Best RV" or collectively with Defendant Keystone as "Defendants") is a corporation duly registered and operating under the laws of the state of California and doing business in the state of Oregon.

4.

The fictitious names DOES 1 through 50 are currently unknown at this time but one or more, in coordination with Defendants, performed the acts herein alleged. Plaintiffs will amend their Complaint as the true names and identities of these individuals or entities become known.

BACKGROUND FACTS

5.

On October 6, 2019, the Grays purchased a new 2019 Keystone Hampton 364MBL park model trailer, VIN no. J6422KS330132 ("the Trailer"), from Best R.V., Inc. in Turlock, CA for $49,375.00. A true and correct copy of the sales invoice is attached hereto as Exhibit 1. The Grays were planning to build a house on their property at 66758 Waymire Road, North Bend, Oregon 97459 ("the Property") and they were planning to have the Trailer as a temporary home while constructing their permanent structure on the Property. The Grays spent another $4,000.00, approximately, on developing a suitable site for the Trailer. In or around November of 2019, Best R.V. shipped the Trailer to the Property. The delivery driver was unable to drop the Trailer at the Property. Consequently, the Grays incurred an additional $400.00 to hire a driver with the capability of completing the delivery.

6.

On January 14, 2020, Petty Officer Gray contacted Keystone RV Company pertaining to an apparent leak and pervasive mildew smell in the Trailer. Subsequently, Keystone RV Company offered $150.00 for a mobile mechanic to evaluate and repair the issues. Around this same time,

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page    2

EXHIBIT A
Page 4 of 21

1   Petty Officer Gray had to take a leave of absence from the United State Coast Guard to support his

2   family in regards to the leaking and mildew-smelling Trailer.

3                                                    7.

4          On or about January 16, 2020, a representative ("Mr. Indy") who worked for Alpha RV,

5   came out to the location of the Trailer and sealed several of the visible open seams, including but

6   not limited to the end caps and windows. Thereafter, the Grays operated a dehumidifier within the

7   Trailer for all hours of the day.

8                                                    8.

9          On February 11, 2020, Petty Officer Gray contacted Keystone RV Company again because

10  the leaking and mold issues persisted. Keystone RV Company responded by advising Petty Officer

11  Gray to contact a professional service center for evaluation. The next day, on February 12, 2020,

12  Petty Officer Gray followed up with Keystone RV Company's advice. However, every service

13  center was booked for a month or more due to the busy season. As a result, Petty Officer Gray had

14  to hire his father, who had thirty years of experience in RV repair. His father found a major seam

15  that Keystone had blatantly left unsealed during the manufacturing process. His father sealed the

16  seam, but recommended his son cover the whole trailer to avoid further potential water intrusion.

17                                                   9.

18         In or around late February, 2020, Ms. Gray had to be admitted to the hospital for respiratory

19  issues the hospital suspected was caused by the damp and moldy environment.

20                                                   10.

21         On March 3, 2020, Petty Officer Gray received a phone call from Shelly Zartman at

22  Keystone, informing him that she was documenting his issue and would address it with her

23  colleagues.

24                                                   11.

25         On March 12, 2020, Ms. Zartman contacted Petty Officer Gray and informed him that

26  Keystone would be able to pay $500.00 toward hotel stays while they attempted to solve the issue.

27  She also provided Petty Officer Gray with the names of three local dealerships Keystone would be

28  willing to pay to have personnel sent out for the Trailer's professional evaluation.

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page        3

EXHIBIT A
Page 5 of 21

12.

The pandemic hit shortly after this last interaction between Petty Officer Gray and Keystone. Petty Officer Gray was, at that point, three (3) weeks over his allowed time off and needed to return to work in California. Due to the Trailer's extreme hazard to health, Petty Officer Gray moved his family back with him to California where he had been working for the Coast Guard, and found a house to rent for his family in the Bay Area for $3,150.00 per month – the high rent which the Grays were trying to avoid in their attempt to build a home up in Oregon.

13.

On May 11, 2020, Petty Officer Gray was finally able to schedule personnel with Gibs RV to go out to the Property to look at the Trailer. Gibs RV's personnel interfaced with Petty Officer Gray's father who was caring for the Trailer (running a constant dehumidifier and keeping the Trailer fully covered during the time Petty Officer Gray was away in San Francisco). Gibs RV investigated the Trailer and informed Petty Officer Gray that the Trailer was infested with mold. They ran some tests and noted that a slide out in the floor was completely buckling due to the leakage and mold.

14.

Approximately at this time, Keystone wished to take the Trailer back to its factory in Pendleton, Oregon for evaluation and repair but that it was Petty Officer Gray's responsibility to get the Trailer to an accessible position so that Keystone could pick it up. Petty Officer Gray informed Keystone that he was not planning on moving the Trailer, and that it would take someone with a Remote Trax to move it. Petty Officer Gray requested Keystone's help as the pandemic had curtailed any ability to reach someone to accomplish this task.

15.

Keystone repeatedly told Petty Officer Gray that it was his "responsibility" to get the unit turned around and at the end of the road so that Keystone could pick it up.

16.

Petty Officer Gray's last written communication with Keystone in July 22, 2020, stated:

"good morning Chris,
"I reached out to our Pendleton location to see if they know of any business who has a remote trax machine in the Oregon area. I will let you know once I hear back

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858    COMPLAINT

Page    4
EXHIBIT A
Page 6 of 21

1  from them. If the company you used previously is being directly affected by
2  COVID-19, this may be a longer process than we anticipated to get your unit to the factory. Please keep me updated as I know this is a very busy and trying time for us all.
3  "Thank you,
   "Shelley Zartman
4  "Customer Support manager"

5  Following this interaction, Petty Officer Gray attempted to reach a remote trax operator on
6  multiple occasions but Covid had halted all operations.

7  17.

8  In or around January 2021, the Grays abandoned their dream of building a home and
9  purchased a residence in Coos Bay, Oregon. At that time, Petty Officer Gray was attaching to a ship
10  in Alameda, California and he needed to ensure his family's safety before his departure.

11  18.

12  On May 11, 2021, Petty Officer Gray finally made contact with the remote trax operator.
13  Immediately thereafter, he contacted Keystone to coordinate a flat transport to meet the Grays at the
14  end of the road. Keystone obtained the Trailer in mid-May and brought it to Pendleton for evaluation.

15  19.

16  After having the Trailer for three (3) weeks, Keystone declined to get involved and
17  recommended Petty Officer Gray turn the issue over to his insurance company.

18  20.

19  Petty Officer Gray has been living aboard a 418 foot ship. His family lives in Coos Bay near
20  his parents and his sister so they have support while he has been gone. To date, the Trailer remains
21  with Defendant Keystone at its Pendleton facility.

22  FIRST CAUSE OF ACTION

23  (Strict Products Liability)

24  (As Against Defendant Keystone, Defendant Best RV, and Does 1 through 50)

25  21.

26  The Grays incorporate and reallege paragraphs 1 through 20 above as though fully set forth
27  herein.

28  ///

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page 5

22.

Defendant Keystone was in the business of manufacturing and selling the Trailer and associated models, and, in fact, sold the instant Trailer to its distributor, Best RV. Defendant Best RV was in the business of distributing and selling the Trailer and associated models, and, in fact, sold the instant Trailer to the Grays.

23.

The Trailer was in a defective condition that was unreasonably dangerous to the ultimate users, the Grays, when the product left Defendant Keystone's manufacturing facility to Defendant Best RV's location in Turlock, California. The Trailer that Defendant Keystone manufactured and Defendant Best R.V. sold to the Grays was defective and unreasonably dangerous because of a major seam that Keystone's factory had blatantly left unsealed and other several visible open seams.

24.

The product was intended to and did reach the Grays without substantial change in its condition.

25.

Defendant Keystone and Defendant Best RV did not adequately warn the Grays of the defective condition and unreasonably dangerous Trailer.

26.

As a result of the Trailer's defective and unreasonably dangerous condition, the Grays have suffered physical injury and resultant economic and noneconomic damages associated with the Trailer to be determined at trial but not to exceed $120,000.00 and $650,000.00, respectively.

27.

As a result of the Trailer's defective and unreasonably dangerous condition, the Grays are entitled to costs and disbursements in bringing this action, pre- and post-judgment interest, and attorney fees according to proof.

/ / /

/ / /

/ / /

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page    6

EXHIBIT A
Page 8 of 21

SECOND CAUSE OF ACTION

(Negligence)

(As against Defendant Keystone, Defendant Best RV, and Does 1 through 50)

28.

The Grays incorporate and reallege paragraphs 1 through 27 above as though fully set forth herein.

29.

Defendant Keystone and Defendant Best RV were negligent by:

a. Placing Trailer, a defective and unreasonably dangerous product, into the stream of commerce, causing injury to the Grays;

b. Placing the Trailer, an unsafe product for its intended use, into the stream of commerce causing injury to the Grays;

c. Placing the Trailer, a product insufficient in quality, strength, and durability, into the stream of commerce, causing injury to the Grays;

d. Failing to properly manufacture the Trailer in a manner that would seal the several visible open seams;

e. Failing to adequately warn the Grays of the Trailer, a defective and unreasonably dangerous product, and the injuries the Grays could sustain with its normal use;

30.

As an actual and proximate result of Defendant Keystone's and Defendant RV's negligence, the Grays suffered physical injury and resultant economic and noneconomic damages associated with the Trailer to be determined at trial but not to exceed $120,000.00 and $650,000.00, respectively.

31.

As an actual and proximate result of Defendant Keystone's and Defendant Best RV's negligence, the Grays are entitled to costs and disbursements, pre- and post-judgment interest, and any other relief the Court deems proper.

///

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page    7

EXHIBIT A
Page 9 of 21

THIRD CAUSE OF ACTION

(Breach of Contract)

(As Against Defendant Best RV and Does 1 through 50)

32.

The Grays incorporate and reallege paragraphs 1 through 30 above as though fully set forth herein.

33.

The Grays had a valid and enforceable contract (Exhibit 1) with Defendant Best RV for the purchase and sale of the Trailer.

34.

The Grays did all that the contract required them to do, namely, paying to Defendant Best RV the purchase price for the Trailer.

35.

Defendant Best RV breached the contract by selling to the Grays a Trailer that did not function by failing to keep out the elements, failing to prevent the growth of mold and mildew, and failing to serve as a temporary or short-term livable space.

36.

As an actual and proximate result of Defendant RV's breach, the Grays suffered physical injury and resultant economic and noneconomic damages associated with the Trailer to be determined at trial but not to exceed $120,000.00 and $650,000.00, respectively.

37.

As an actual and proximate result of Defendant Keystone's and Defendant Best RV's breach of contract, the Grays are entitled to costs and disbursements, pre- and post-judgment interest, and any other relief the Court deems proper.

/ / /

/ / /

/ / /

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page    8

EXHIBIT A
Page 10 of 21

FOURTH CAUSE OF ACTION

(Unjust Enrichment)

(As Against Defendant Best RV and Does 1 through 50)

38.

The Grays incorporate and reallege paragraphs 1 through 37 above as though fully set forth herein.

39.

The Grays conferred the benefit of the price of the Trailer to Defendant Best RV: $49,375.00.

40.

Defendant Best RV, in receiving the payment, knew that the Grays were conferring upon them, the benefit of the price of a new trailer of the make, model, and year of that of the Trailer at issue.

41.

As Defendant Best RV did not provide a trailer in such condition and state to Plaintiffs, it would be unjust for Defendant Best RV to retain the benefit without just compensation to Plaintiffs.

42.

As an actual and proximate result of Defendant RV's unjust enrichment, the Grays suffered physical injury and resultant economic and noneconomic damages associated with the Trailer to be determined at trial but not to exceed $120,000.00 and $650,000.00, respectively.

43.

As an actual and proximate result of Defendant Keystone's and Defendant Best RV's unjust enrichment, the Grays are entitled to costs and disbursements, pre- and post-judgment interest, and any other relief the Court deems proper.

/ / /

/ / /

/ / /

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page    9

EXHIBIT A
Page 11 of 21

1          FIFTH CAUSE OF ACTION

2          (Breach of Implied Warranty of Merchantability)

3     (As Against Defendant Keystone, Defendant Best RV, and Does 1 through 50)

4                            44.

5          The Grays incorporate and reallege paragraphs 1 through 43 above as though fully set forth

6     herein.

7                            45.

8          Defendant Best RV, and by virtue of vertical privity, Defendant Keystone, sold the Trailer

9     to the Grays.

10                           46.

11         Defendants held themselves out to purchasers, including the Grays, as operating a business

12    that deals in such goods as the Trailer and having knowledge in such goods as the Trailer.

13                           47.

14         The Trailer was not of merchantable quality.

15                           48.

16         Plaintiffs notified the Defendants of the breach within a reasonable time after the Grays

17    discovered the breach.

18                           49.

19         As an actual and proximate result of Defendants' breach, the Grays suffered physical injury

20    and resultant economic and noneconomic damages associated with the Trailer to be determined at

21    trial but not to exceed $120,000.00 and $650,000.00, respectively.

22                           50.

23         As an actual and proximate result of Defendants' breach, the Grays are entitled to costs and

24    disbursements, pre- and post-judgment interest, and any other relief the Court deems proper.

25    / / /

26    / / /

27    / / /

28

CRAWLEY LLP
P.O. BOX 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page          10

SIXTH CAUSE OF ACTION

(Unfair Trade Practices Act)

(As Against Defendant Best RV and Does 1 through 50)

51.

The Grays incorporate and reallege paragraphs 1 through 50 above as though fully set forth herein.

52.

Defendant Best RV willfully represented that the Trailer would protect its users from the elements when the Trailer did not have this characteristic, willfully represented that the Trailer was new when it did not have the quality or characteristics of being new due to the water intrusion it sustained immediately after purchase, willfully failed to disclose a material defect, and willfully failed to disclose a material non-conformity.

53.

Defendant Best RV was acting within the course of their business, vocation, or occupation when willfully misrepresenting the Trailer as described above and failing to disclose material defects and nonconformities as described above.

54.

Plaintiffs obtained the Trailer for personal, family, or household purposes.

55.

As an actual and proximate result of Defendant Best RV's unfair trade practices, the Grays suffered physical injury and resultant economic and noneconomic damages associated with the Trailer to be determined at trial but not to exceed $120,000.00 and $650,000.00, respectively.

56.

As an actual and proximate result of Defendant Best RV's unfair trade practices, the Grays are entitled to attorney fees (ORS 646.638), costs and disbursements, pre- and post-judgment interest, and any other relief the Court deems proper.

/ / /

/ / /

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page 11

EXHIBIT A
Page 13 of 21

SEVENTH CAUSE OF ACTION

(Breach of Magnuson-Moss Warranty Act)

(As against Defendant Best RV and Defendant Keystone)

57.

The Grays incorporate and reallege paragraphs 1 through 56 above as though fully set forth herein.

58.

This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

59.

Plaintiffs are "consumers" as defined by 15 USC § 2301(3).

60.

Defendant Best RV and Defendant Keystone is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

61.

The Trailer is a "consumer product" as defined by 15 USC § 2301(6). 15 USC § 2301(D)(1)(A), requires Defendant Best RV and Defendant Keystone, as warrantors, to remedy any defects, malfunction or non-conformance of the Trailer within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).

62.

The actions of Defendant Keystone and Defendant Best RV as hereinabove described, in failing to tender the Trailer to Plaintiffs free of defects and refusing to repair or replace the defective Trailer tendered to Plaintiffs, constitute a breach of the written warranties covering the Trailer; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

63.

Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendant Keystone and Defendant Best

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page    12

EXHIBIT A
Page 14 of 21

1  RV, Defendant Keystone and Defendant Best RV have failed and refused to cure any defects and

2  non-conformity with the Trailer.

3                                              64.

4        As a result of Defendant Keystone's and Defendant Best RV's breach of factory warranty as

5  set forth above, and Defendant Keystone's and Defendant Best RV's failure to honor its obligations

6  under its warranties, Plaintiffs have, and will continue to, suffer damages as enumerated above.

7                                              65.

8        Defendant Keystone and Defendant Best RV have had a reasonable opportunity to remedy

9  the defects in the Trailer but has failed to do so, thereby entitling Plaintiffs to a refund of the purchase

10 price pursuant to the Magnuson-Moss Warranty Act.

11                                             66.

12       Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled

13 to recover as part of the judgment, pre- and post- judgment interest, and costs and expenses of the

14 suit including attorney's fees based on actual time expended.

15                                             67.

16       The Grays reserve the right to amend this Complaint to allege punitive damages.

17       WHEREFORE, Plaintiffs pray as follows:

18       For the Grays' FIRST, SECOND, THIRD, FOURTH and FIFTH CAUSES OF ACTION

19       1.  Economic Damages in an amount to be determined at trial but not to exceed $120,000.00;

20       2.  Non-Economic Damages in amount to be determined at trial but not to exceed

21           $650,000.00;

22       3.  Cost and Disbursements;

23       4.  Pre and Post-Judgment Interest;

24       5.  Any other relief the Court deems proper.

25       For the Grays' SIXTH CAUSE OF ACTION

26       1.  Economic Damages in an amount to be determined at trial but not to exceed $120,000.00;

27       2.  Non-Economic Damages in amount to be determined at trial but not to exceed

28           $650,000.00;

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

3.  Cost and Disbursements;

4.  Pre and Post-Judgment Interest;

5.  Attorney fees pursuant to UTPA (ORS 646.638);

6.  Any other relief the Court deems proper.

For the Grays' SEVENTH CAUSE OF ACTION:

1.  Refund of the purchase price of the trailer;

2.  Attorney fees (Magnuson-Moss);

3.  Cost and Disbursements;

4.  Pre and Post-Judgment Interest;

5.  Any other relief the Court deems proper.

DATED this 24th day of March, 2022.

                                    CRAWLEY LLP


                                    _____
                                    Timothy I. Crawley, OSB No. 122546
                                    Attorneys for Plaintiff Christopher Gray


Trial Attorney:
Timothy I. Crawley, OSB No. 122546

CRAWLEY LLP
P.O. Box 8931
Portland, Oregon 97207
(503) 953-6858

COMPLAINT

Page    14

EXHIBIT A
Page 16 of 21

1
2
3
4
5
6
7
8
9
10
11
12

13        **CERTIFICATE OF SERVICE**

14        I hereby certify that I served the foregoing **COMPLAINT** on:

15        Sasha Reinas
          Keystone RV Company
16        2642 Hackberry Dr
          Goshen, Indiana 46526
17

18        Jeffrey Runels, President
          Keystone RV Company
19        16766 Orchard Ridge Road
          Grange, IN 46530
20

21        Best RV Center
          5340 Taylor Court
22        Turlock, CA 95382

23

24        ☒  by causing a copy thereof to be e-filed and served through the Court's efile and serve

25        system;

26        ☐  by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to

27        each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date

28        set forth below;

CRAWLEY LLP
P.O. BOX 8931
Portland, Oregon 97207
(503) 953-6858

**CERTIFICATE OF SERVICE**

1     ☐ by causing a copy thereof to be hand-delivered to said attorneys at each attorney's last-

2 known office address on the date set forth below;

3     ☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope,

4 addressed to each attorney's last-known address on the date set forth below; or

5     ☒ by email.

6

7                 DATED this 3rd day of November, 2021.

8                             CRAWLEY LLP

9

10                           _____

                            Timothy I. Crawley, OSB No. 122546

11                             Attorney for Plaintiff Christopher Gray

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CRAWLEY LLP
P.O. BOX 8931
Portland, Oregon 97207
(503) 953-6858

CERTIFICATE OF SERVICE

Page - 2

EXHIBIT A
Page 18 of 21

CREDIT INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

| Dealer Number | 43217 | Contract Number | | R.O.S. Number | | Stock Number | 20349 |
|---|---|---|---|---|---|---|---|

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| CHRISTOPHER E GRAY 66758 WAYMIRE ROAD NORTH BEND OR 97459 | KIMBERLY R GRAY 66758 WAYMIRE ROAD NORTH BEND OR 97459 | BEST RV CENTER 5340 TAYLOR CT TURLOCK CA 95382 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2019 | HAMPTON 364MBL | 0 | 5ZT2422KE560152 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $0.00 is |
|---|---|---|---|---|
| 0.000 % | $ 0.00 (e) | $ 49375.00 (e) | $ 49375.00 (e) | $ 49375.00 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | $ 49375.00 | Payment Due on 11/30/2019 |
| N/A | N/A | Monthly beginning N/A |
| N/A One final payment | N/A | N/A |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay early you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charge, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ........ $ 48310.00 (A)
      1. Cash Price Vehicle ......... $ 47050.00
      2. Cash Price Accessories ........ $ 1260.00
      3. Other (Nontaxable)
         Describe _____ $ N/A
         Describe _____ $ N/A
   B. Document Processing Charge (not a governmental fee) ... $ 65.00 (B)
   C. Emissions Testing Charge (not a governmental fee) ... $ 0.00 (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) _____ $ N/A (D1)
      2. (paid to) _____ $ N/A (D2)
      3. (paid to) _____ $ N/A (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) _____ $ N/A (E1)
      2. (paid to) _____ $ N/A (E2)
   F. EV Charging Station (paid to) _____ $ N/A (F)
   G. Sales Tax (on taxable items in A through F) ... $ 0.00 (G)
   H. Electronic Vehicle Registration or Transfer Charge
      (not a governmental fee) _____ $ (H)
   I. (Optional) Service Contract(s)
      1. (paid to) _____ $ N/A (I1)
      2. (paid to) _____ $ N/A (I2)
      3. (paid to) _____ $ N/A (I3)

### STATEMENT OF INSURANCE
NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | | N/A Mos. | $ N/A |
| Medical | | N/A Mos. | $ N/A |
| | | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. See your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. $ _____ Debt Cancellation Agreement

I want to buy a debt cancellation agreement.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

I1 Company _____ N/A
Term _____ Mos. or _____ Miles
I2 Company _____
Term _____ Mos. or _____ Miles
I3 Company _____
Term _____ Mos. or _____ Miles
I4 Company _____
Term _____ Mos. or _____ Miles
I5 Company _____
Term _____ Mos. or _____ Miles
Buyer X _____

**Trade-In Vehicle(s)**

1. Vehicle 1
Year _____ Make _____ N/A
Model _____ Odometer _____
VIN _____ N/A

EXHIBIT 1_000001

**EXHIBIT A**
**Page 19 of 21**

C. Emissions Testing Charge (not a governmental fee) .......................... $ ___0.00 (C)

D. (Optional) Theft Deterrent Device(s)

  1. (paid to) _____ $ ___N/A___ (D1)

  2. (paid to) _____ $ ___N/A___ (D2)

  3. (paid to) _____ $ ___N/A___ (D3)

E. (Optional) Surface Protection Product(s)

  1. (paid to) _____ $ ___N/A___ (E1)

  2. (paid to) _____ $ ___N/A___ (E2)

F. EV Charging Station (paid to) _____ $ ___N/A___ (F)

G. Sales Tax (on taxable items in A through F) ...................... $ ___0.00 (G)

H. Electronic Vehicle Registration or Transfer Charge

  (not a governmental fee) (paid to) _____ $ ___0A (H)

I. (Optional) Service Contract(s)

  1. (paid to) _____ $ ___N/A___ (I1)

  2. (paid to) _____ $ ___N/A___ (I2)

  3. (paid to) _____ $ ___N/A___ (I3)

  4. (paid to) _____ $ ___N/A___ (I4)

  5. (paid to) _____ $ ___N/A___ (I5)

J. Prior Credit or Lease Balance (e) paid by Seller to

  Vehicle 1 _____ Vehicle 2 _____ $ ___N/A___ (J)

  (see downpayment and trade-in calculation)

K. (Optional) Debt Cancellation Agreement ..................... $ ___N/A___ (K)

L. (Optional) Used Vehicle Contract Cancellation Option Agreement · $ ___N/A___ (L)

M. Other (paid to) _____ $ ___N/A___ (M)

  For _____

N. Other (paid to) _____ $ ___N/A___ (N)

  For _____

Total Cash Price (A through N) ......................... $ ___49375.00 (1)

2. Amounts Paid to Public Officials

  A. Vehicle License Fees     **Estimated Fee** $ ___N/A___ (A)

  B. Registration/Transfer/Titling Fees  **Estimated Fee** $ ___N/A___ (B)

  C. California Tire Fees ..................................... $ ___N/A___ (C)

  D. Other _____ $ ___N/A___ (D)

  Total Official Fees (A through D)  **Estimated Fee x** .............. $ ___N/A___ (2)

3. Amount Paid to Insurance Companies

  (Total premiums from Statement of Insurance) ............ $ ___N/A___ (3)

4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee $ ___N/A___ (4)

5. Subtotal (1 through 4) .................................... $ ___49375.00 (5)

6. Total Downpayment

  A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): $ ___N/A___ (A)

  Vehicle 1 $ _____ Vehicle 2 $ _____

  B. Total Less Prior Credit or Lease Balance (e) .............. $ ___N/A___ (B)

  Vehicle 1 $ _____ Vehicle 2 $ ___N/A___

  C. Total Net Trade-In (A–B) (indicate if negative number) ..... $ ___N/A___ (C)

  Vehicle 1 $ _____ Vehicle 2 $ ___N/A___

  D. Deferred Downpayment Payable to Seller .................. $ ___N/A___ (D)

  E. Manufacturer's Rebate .................................. $ ___N/A___ (E)

  F. Other _____ $ ___N/A___ (F)

  G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card ... $ _____ (G)

  Total Downpayment (C through G) ......................... $ ___0.00 (6)

  (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above)

7. Amount Financed (5 less 6) ............................... $ ___49375.00 (7)

---

| Term | Mos. or _____ Miles |
| --- | --- |

I1 Company _____

I2 Company _____

  Term _____ Mos. or _____ Miles

I3 Company _____

  Term _____ Mos. or _____ Miles

I4 Company _____

  Term _____ Mos. or _____ Miles

I5 Company _____

  Term _____ Mos. or _____ Miles

Buyer X _____

**Trade-In Vehicle(s)**

1. Vehicle 1

Year ___N/A___ Make ___N/A___

Model ___N/A___ Odometer _____

VIN ___N/A___

a. Agreed Value of Property ......... $ ___N/A___

b. Buyer/Co-Buyer Retained Trade Equity $ ___N/A___

c. Agreed Value of Property

  Being Traded-In (a−b) ............. $ ___N/A___

d. Prior Credit or Lease Balance ..... $ ___N/A___

e. Net Trade-In (c−d) (must be ≥ 0

  for buyer/co-buyer to retain equity) $ ___N/A___

2. Vehicle 2

Year ___N/A___ Make ___N/A___

Model ___N/A___ Odometer _____

VIN ___N/A___

a. Agreed Value of Property ......... $ ___N/A___

b. Buyer/Co-Buyer Retained Trade Equity $ ___N/A___

c. Agreed Value of Property

  Being Traded-In (a−b) ............. $ ___N/A___

d. Prior Credit or Lease Balance ..... $ ___N/A___

e. Net Trade-In (c−d) (must be ≥ 0

  for buyer/co-buyer to retain equity) $ ___N/A___

Total Agreed Value of Property

  Being Traded-In (1c+2c) ........... $ ___N/A___

Total Prior Credit or Lease

  Balance (1d+2d) ................... $ ___N/A___

Total Net Trade-In (1e+2e) ......... $ ___N/A___

(*See item 6A–6C in the Itemization of Amount Financed)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, Year _____

SELLER'S INITIALS _____

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

▼Buyer Signature X _____  Co-Buyer Signature X _____

---

**AUTO BROKER FEE DISCLOSURE**

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: _____

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____  Co-Buyer Signs X _____

---

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____  Co-Buyer X _____

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU DO NOT

buyer amount is listed near the amount shown as net payoff or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your [illegible] or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____  Co-Buyer Signature X _____

## AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable: _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____  Co-Buyer Signs X _____

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
Buyer X _____  Co-Buyer X _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
   WARNING:
   YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
   FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
   THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/B X _____     X _____

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should first try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.
Buyer Signature X _____  Co-Buyer Signature X _____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _____ Date 10/06/2019  Co-Buyer Signature X _____ Date 10/06/2019
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____  Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date 10/06/2019  Guarantor X _____ Date 10/06/2019
Address 68758 WAYMIRE ROAD NORTH BEND OR 97459   Address 68758 WAYMIRE ROAD NORTH BEND OR 97459

Seller Signs _____ Date 10/6/19 By X _____ Title _____

**LAW** FORM NO. 553-CA (REV. 7/16)                                        CUSTOMER/TRUTH IN LENDING COPY
©2016 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.